**Paul MILLER and Mary Miller, Appellants,**

v.

**STROUD TOWNSHIP and Stroud Township Sewer Authority,**

v.

**U–Max Engineering & Construction Corp., and BCM Engineers, Inc.**

Commonwealth Court of Pennsylvania.

Argued July 10, 2002.

Decided Aug. 12, 2002.

Richard L. Orloski, Allentown, for appellants.

Howard D. Kauffman, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Paul Miller and Mary Miller (Appellants) appeal from the August 28, 2001, and November 16, 2001, orders of the Court of Common Pleas of Monroe County (trial court). The trial court's August 28, 2001, order denied Appellants' motion for leave to file an amended complaint (Motion for Leave) and granted the Motion for Partial Judgment on the Pleadings (First Motion) filed by Stroud Township and Stroud Township Sewer Authority (collectively, the Township). The trial court's November 16, 2001, order granted the Township's subsequent motion for summary judgment (Second Motion). We reverse and remand.

Appellants filed a complaint with the trial court on June 10, 1999. The complaint contains the following pertinent allegations and request for relief.

5. The [Township] did, in or about 1992, undertake the construction of sanitary sewers in [the Township], including on, near or about the ... premises of [Appellants] at 1676 Pokona Avenue, Stroud Township, Monroe County, Pennsylvania....

7. The [Township], in constructing the sanitary sewers on, near or about [Appellants'] premises, placed and installed said sanitary sewers in such a manner that sewage and fecal matter is dispersed into [Appellants'] premises, specifically into the basement of [Appellants'] premises, on each occasion that it rains.

8. The [Township], in constructing the sanitary sewers on, near or about [Appellants'] premises, placed and installed said sanitary sewers in such a manner that severe flooding is caused in the basement of [Appellants'] premises on each occasion that it rains....

10. As a direct and proximate result of the said actions of the [Township], a continuing trespass exists and occurs with each rainfall....

14. As a direct and proximate result of the said negligent actions of the [Township], [Appellants] have been severely and irreparably damage[d] by the unhealthy intrusion of water, fecal matter and concentration of fungi, mold and bacteria in their residence....

WHEREFORE, [Appellants] request the following equitable relief:

a) An Order entered directing the [Township] to remove and otherwise in-

stall its sanitary sewers in a manner so that water and sewage is not channelized [sic] to and into [Appellants'] premises;

b) Monetary damages for the devaluation of their real estate;

c) Monetary damages for the "continuing trespass" and intrusion of water, fecal matter, fungi, mold and bacteria; and

d) Such other relief as the Court deems appropriate.

(R.R. at 64a–67a.)

The Township then filed its First Motion, alleging that, although Appellants' responses to discovery requests suggest a claim for personal injuries, the complaint does not set forth facts to support such a claim. (R.R. at 26a; First Motion, ¶¶ 3–4.) The Township requested entry of a partial judgment on the pleadings and dismissal of any and all personal injury claims. (R.R. at 27a.) In response, Appellants asserted that Paragraph 14 of the complaint sets forth a basis for the recovery of damages for personal injuries. (R.R. at 35a; Answer to First Motion, ¶ 3.) In the alternative, Appellants filed the Motion for Leave to file an amended complaint. (R.R. at 44a–80a.)

On August 28, 2001, the trial court issued an opinion and order granting the Township's First Motion and denying Appellants' Motion for Leave. The trial court explained that Paragraph 14 of the complaint, by itself, did not state a claim for personal injuries. Moreover, under *Graybill v. Providence Township*, 140 Pa. Cmwlth. 505, 593 A.2d 1314 (1991), *aff'd*, 533 Pa. 61, 618 A.2d 392 (1993), the two-year statute of limitations had expired on any claim for personal injuries;[1] therefore, it would not be proper to allow Appellants to file an amended complaint. (R.R. at 11a–13a.)

The Township filed its Second Motion, alleging that the rest of Appellants' complaint, relating to property damage, is barred by the two-year statute of limitations. (R.R. at 81a–82a.) The Township presented an affidavit indicating that the sewer was constructed in 1990 and that Appellants connected to the sewer on June 21, 1991. (R.R. at 109a.) The Township averred that Appellants did not file their complaint for property damages until June 10, 1999, which is beyond the two-year statute of limitations. (R.R. at 82a.)

In response, Appellants argued that their complaint alleges a continuing trespass; therefore, under *Graybill*, the two-year statute of limitations does not bar their recovery. However, after considering *Graybill*, the trial court concluded that Appellants did *not* allege a continuing trespass but, rather, a claim for permanent damage. Accordingly, the trial court granted summary judgment to the Township. Appellants now appeal to this court.[2]

---

1. The trial court pointed out that: (1) the Township raised the statute of limitations in New Matter; (2) under section 5524 of the Judicial Code, 42 Pa.C.S. § 5524, the statute of limitations for an action to recover damages for injury to a person or property is two years; (3) the complaint alleges that the Township constructed the sewers in 1992; and (4) Appellants did not file their complaint until 1999. (R.R. at 18a–19a.)

2. This court's scope of review of a trial court's decision to grant or deny a motion for summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *E.O.J., Inc. v. Tax Claim Bureau of Schuylkill County*, 780 A.2d 814 (Pa.Cmwlth.2001), *appeal denied*, 568 Pa. 637, 793 A.2d 910 (2002). An abuse of discretion exists where the judgment exercised by the lower court is manifestly unreasonable. *Id.* Moreover, summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of

## I. Statute of Limitations

 Appellants maintain that the trial court erred in granting the First Motion based on a two-year statute of limitations.[3] Appellants contend that section 5536 of the Judicial Code,[4] which sets forth a twelve-year statute of limitations, governs this case. We disagree.

 Section 5524 of the Judicial Code is a statute of limitations; however, section 5536 of the Judicial Code is a statute of repose.

The difference between statutes of repose and statutes of limitations is that statutes of limitation[s] are procedural devices which bar recovery on a viable cause of action, where statutes of repose are substantive in nature because they extinguish a cause of action and preclude its revival. In addition, statutes of limitation[s] begin to run from the time of an injurious occurrence or discovery of the same, whereas statutes of repose run for a statutorily determined period of time after a definitely established event independent of an injurious occurrence or discovery of the same.[5]

Applying the above principles to the present case, section 5536 is couched in

---

material fact, and the moving party is clearly entitled to judgment as a matter of law. *Id.*

3. Section 5524 of the Judicial Code provides, in pertinent part, as follows:

> The following actions and proceedings must be commenced within two years....
> (2) An action to recover damages for injuries to the person ... caused by the wrongful act or neglect or unlawful ... negligence of another....
> (4) An action for ... trespass of real property....
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass ... except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5524.

4. Section 5536 of the Judicial Code provides as follows:

> (a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:
> (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.
> (2) Injury to property, real or personal, arising out of any such deficiency.
> (3) Injury to the person ... arising out of any such deficiency.
> (4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).
> (b) Exceptions.-
> (1) If an injury ... shall occur more than ten and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.
> (2) The limitation prescribed by subsection (a) shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury ... for which it is proposed to commence an action or proceeding.
> (c) No extension of limitations.—This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law.

42 Pa.C.S. § 5536.

5. Statutes of limitations bar an action unless it is filed within a specified period of time after an injury occurs; statutes of repose terminate any right of action after a specific time has elapsed, regardless of whether there has yet been an injury. Black's Law Dictionary 927 (6th ed.1990).

the language of a statute of repose, rather than a statute of limitation[s], because it contains words describing a definitely established event which commences the statutorily determined period of 12 years; that event is described in section 5536 as "completion of construction of such improvement." Moreover, the historical note following section 5536 states that section 5536 is "substantially a reenactment of" [an act] which was regarded by Pennsylvania courts as a statute of repose.

Many Pennsylvania courts have also characterized section 5536 as a statute of repose, including the Pennsylvania Supreme Court. . . .

*Altoona Area School District v. Campbell*, 152 Pa.Cmwlth. 131, 618 A.2d 1129, 1134 (1992) (citations omitted), *appeal denied*, 535 Pa. 639, 631 A.2d 1010 (1993). Thus, the trial court did not err in concluding that the statute of limitations in this case is two years.

## II. Permanent or Continuing Trespass

Appellants next argue that the trial court erred in granting the Second Motion based on *Graybill*. Appellants contend that the trial court misconstrued *Graybill* in concluding that Appellants' complaint set forth a claim for permanent trespass as opposed to a claim for continuing trespass. We agree.

The Restatement (Second) of Torts § 161, cmt. b (1965) (emphasis added) defines a "continuing trespass" as follows:

The actor's *failure to remove from land* in the possession of another a structure, chattel or other *thing which he has tortiously* erected or *placed on the land* constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land and ... confers on the possessor of the land an option to maintain a succession of actions based on the theory of continuing trespass or to treat the continuance of the thing on the land as an aggravation of the original trespass.

The Restatement (Second) of Torts § 162, cmt. e (emphasis added) distinguishes a continuing trespass from a permanent trespass as follows:

A continuing trespass must be distinguished from *a trespass which permanently changes the physical condition of the land.* Thus, *if one, without a privilege to do so, enters land* of which another is in possession and destroys or removes a structure standing upon the land, or digs a well or makes some other excavation or removes earth or some other substance from the land, the fact that the harm thus occasioned on the land is a continuing harm does not subject the actor to liability for a continuing trespass. Since his [or her] conduct has once [and] for all produced a permanent injury to the land, the possessor's right is to [a] full redress in a single action for the trespass. . . .

In *Graybill*, we considered the Restatement and determined that there was a continuing trespass. In reaching that decision, we distinguished our supreme court's decision in *Sustrik v. Jones & Laughlin Steel Corporation*, 413 Pa. 324, 197 A.2d 44 (1964), stating:

The facts of Sustrik involved injury similar to the examples given in both Restatements for a trespass that causes a permanent change: an *entry* onto the land of another and an affirmative act, such as an excavation, producing a permanent change *to that land itself.* The allegations of the present case concern acts of construction by the defendant Findleys upon their *own* land. Those acts did not directly and immediately cause any injury to Graybill's land; rather, those acts, coupled with the ef-

fects of rainfall, allegedly resulted in *consequential* damage to Graybill.

*Graybill,* 593 A.2d at 1316 (italics in original).

■ Essentially, then, in order to establish a permanent trespass claim, Appellants would have had to allege and show that the Township: (1) entered Appellants' property without a privilege to do so and (2) performed an affirmative act producing a permanent change to the property. However, Appellants do not claim that the Township ever entered Appellants' land without a privilege to do so to construct the sanitary sewer line. Indeed, there is no evidence that the Township lacked authority to enter Appellants' property.[6] Rather, the record shows that the Township entered Appellants' property with apparent permission to install the sanitary sewer line.[7] Thus, Appellants do not set forth a permanent trespass claim.

Appellants' complaint, however, does set forth a continuing trespass claim. The complaint alleges that the Township constructed a sanitary sewer line on, near or about Appellants' property. The construction, coupled with the effects of rainfall, resulted in a continuing trespass of water and fecal matter, which caused damage to Appellants' property and an unhealthy concentration of fungi, mold and bacteria. (*See* complaint.) Under section 161 of the Restatement, because the Township failed to remove the water and fecal matter resulting from the sewer installation, Appellants may maintain a succession of actions against the Township based on the theory of continuing trespass, or Appellants may treat the continuance of water, fecal mat-

ter, fungi, mold and bacteria on the land as an aggravation of the original trespass.

Thus, we conclude that the trial court erred in granting the Second Motion based on *Graybill.*

### III. Leave to File Amended Complaint

■ Finally, Appellants argue that the trial court abused its discretion by failing to grant them leave to file an amended complaint to clarify that the claim was for a series of continuing trespasses resulting in personal injuries. We agree.

■ Pursuant to Rule 1033 of the Pennsylvania Rules of Civil Procedure, a party may amend a complaint either by filed consent of the adverse party or by leave of court. Pa. R.C.P. No. 1033. Amendments are to be liberally permitted except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law. *Burger v. Borough of Ingram,* 697 A.2d 1037 (Pa. Cmwlth.1997).

Here, the trial court denied Appellants leave to amend their complaint because the trial court believed that Appellants were claiming a permanent trespass to their land. The trial court concluded that an amendment to the complaint would violate the two-year statute of limitations. However, because Appellants are *not* claiming a permanent trespass to their property, an amendment to the complaint would *not* violate the statute of limitations. In fact, Appellants may maintain a succession of actions based on the continuing trespass. Therefore, we conclude that the trial court abused its discretion in denying Appellants

---

**6.** The record shows that the Township installed the sewer on the homeowner's "right-of-way." (R.R. at 127a, 138a, 145a.)

**7.** Paul Miller testified at his deposition that he watched the sewer construction, talked to the

workers and allowed them to park their machinery in his garage. (R.R. at 153a.) He also testified that he had worked in construction for forty years and, in fact, did sewer construction. (R.R. at 150a.)

leave to amend their complaint to clarify their claim.

Accordingly, we reverse and remand.

## ORDER

AND NOW, this 12th day of August, 2002, the orders of the Court of Common Pleas of Monroe County, dated August 28, 2001, and November 16, 2001, are reversed, and this case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.