IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Hite,                          :
               Appellant              :
                                   :
      v.                              : No. 1101 C.D. 2018
                                   : SUBMITTED: March 14, 2019
Southeastern Pennsylvania                :
Transportation Authority and             :
Quinton Siplin                           :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge (P.)
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: April 5, 2019

Lawrence Hite appeals from the April 16, 2018 Order of the Court of Common Pleas of Philadelphia County (Trial Court) granting the Motion for Summary Judgment filed by Southeastern Pennsylvania Transportation Authority and Quinton Siplin (together, SEPTA).[1]  For the reasons that follow, we affirm the Trial Court's Order.

## Background

On December 12, 2015, Mr. Hite was allegedly injured while riding as a passenger on a bus owned and operated by SEPTA, when the bus collided with another vehicle.  On July 10, 2017, Mr. Hite filed a Complaint against SEPTA, asserting claims of negligence and seeking compensatory damages.  Mr. Hite did not serve a copy of the Complaint on SEPTA at that time.

Six months later, on January 16, 2018, Mr. Hite filed in the Trial Court a Praecipe to Reinstate Complaint.  Mr. Hite served the Complaint on SEPTA on January 18,

---

[1] Mr. Hite initially filed his appeal in the Pennsylvania Superior Court, which transferred the matter to this Court for disposition.

2018.  On February 20, 2018, SEPTA filed an Answer and New Matter, raising, *inter alia*, the defense of statute of limitations.[2]

On March 9, 2018, SEPTA filed a Motion for Summary Judgment, asserting that Mr. Hite failed to timely serve the Complaint on SEPTA within 30 days of its filing. SEPTA's Summ. J. Mot., 3/9/18, ¶¶ 9-10.  Thus, under the Pennsylvania Supreme Court's decision in *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976),[3] SEPTA asserted that Mr. Hite's suit was barred by the statute of limitations.  *Id.*, ¶ 13.  In his Brief in Opposition to the Summary Judgment Motion, Mr. Hite asserted that he made a good faith effort to serve SEPTA in July 2017, but a "technical misstep" delayed service of his Complaint.  Mr. Hite's Br. in Opp. to Summ. J. Mot., 4/5/18, at 7.  Mr. Hite also asserted that the *Lamp* rule is inapplicable because SEPTA had actual notice of Mr. Hite's claim before he filed the Complaint.  *Id.*

On April 17, 2018, the Trial Court granted SEPTA's Motion for Summary Judgment, concluding that Mr. Hite failed to meet his burden of proving that he made a good-faith effort to effectuate service within 30 days of filing the Complaint.  Trial Ct. Order, 4/17/18, at 1 n.1.  The Trial Court noted that Mr. Hite's Response to the Summary Judgment Motion contained nothing more than a "vague and ambiguous statement of a 'technical misstep' and/or mere conclusory statements" regarding his good-faith effort to effectuate service.  *Id.*

On April 19, 2018, Mr. Hite filed a Motion for Reconsideration.  In his Motion, Mr. Hite alleged, *for the first time*, that on July 17, 2017, the day he initially filed his

---

[2] The statute of limitations on Mr. Hite's negligence claims expired two years after the date of his alleged injury, on December 12, 2017.  *See* Section 5524 of the Judicial Code, 42 Pa. C.S. § 5524; *Miller v. Stroud Twp.*, 804 A.2d 749, 752 n.5 (Pa. Cmwlth. 2002).

[3] In *Lamp*, our Supreme Court held that a plaintiff must make a good-faith attempt to serve original process on the defendant within 30 days in order to toll the statute of limitations.  366 A.2d at 889.

Complaint, his counsel delivered the Complaint to Metro Filing Services, Inc. (Metro Filing) to effectuate service. Mr. Hite's Mot. for Reconsid., 4/19/18, ¶ 3. Mr. Hite attached to his Motion two undated documents titled "Worksheet for Services" bearing Metro Filing's logo and address. *Id.*, Ex. B. The parties' names and a court term and number are handwritten on each document, and a handwritten "x" appears in a box labeled "Complaint." *Id.* Mr. Hite asserted that these documents demonstrated his good-faith attempt to timely effectuate service of the Complaint. *Id.*, ¶ 21. Mr. Hite further alleged that he did not learn that Metro Filing failed to serve SEPTA until January 15, 2018, after which he immediately filed a Praecipe to Reinstate Complaint and served the Complaint on SEPTA. *Id.*, ¶¶ 6-9.

On April 23, 2018, the Trial Court denied Mr. Hite's Motion for Reconsideration. In its subsequent Pa. R.A.P. 1925(a) Opinion, the Trial Court concluded that the undated Metro Filing documents appended to Mr. Hite's Motion for Reconsideration were "wholly insufficient" to prove that Mr. Hite made a good-faith effort to timely serve SEPTA within 30 days of filing his Complaint. Trial Ct. Op., 6/28/18, at 3. The Trial Court found that, after filing his Complaint in July 2017, Mr. Hite failed to follow up with Metro Filing to ensure that it had timely served the Complaint before the statute of limitations expired. *Id.* at 3-4. The Trial Court concluded as follows:

> [Mr. Hite] has the burden to ensure the timely effectuating of service, which includes following up with Metro [Filing]. This was not a technical misstep, but rather, [Mr. Hite's] failure to act that resulted in the stalling of the legal machinery. Furthermore, [SEPTA] would suffer prejudice if the [T]rial [C]ourt were to permit an untimely claim to continue against [SEPTA].
>
> Thus, there was no good faith effort by [Mr. Hite] to have original process served immediately, such that it tolled the statute of limitations.

3

As a result, the statute of limitations had run two years after the car accident, or on December 12, 2017. [Mr. Hite] did not reinstate the Complaint until January 16, 2018, [one] month after the statute of limitations had run. . . .

*Id.* at 4.

Finally, the Trial Court rejected Mr. Hite's claim that his untimely service should be excused because SEPTA had actual notice of his claim before the filing of his Complaint. *Id.* The Trial Court determined that Mr. Hite "needed to provide service of the original filed Complaint[,] not merely notify [SEPTA] of a potential claim. It is beyond peradventure that notice of a *potential claim* is not the same as notice of an *actually filed lawsuit*." *Id.* Mr. Hite now appeals to this Court.

## Issue

Did the Trial Court err or abuse its discretion in granting SEPTA's Motion for Summary Judgment on the ground that Mr. Hite failed to timely serve SEPTA with his Complaint before the statute of limitations expired?

## Analysis

Our review of the Trial Court's grant "of summary judgment is limited to determining whether the [T]rial [C]ourt committed an error of law or an abuse of discretion." *Kaplan v. Se. Pa. Transp. Auth.*, 688 A.2d 736, 738 n.2 (Pa. Cmwlth. 1997). Summary judgment is appropriate only in those cases where the record clearly demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pa. State Ethics Comm'n*, 723 A.2d 174, 176 (Pa. 1999). This Court must view the record in the light most favorable to the non-moving party, resolving all doubts about the existence of a genuine issue of material fact against the moving party. *Id.*; *see Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 903 A.2d 608, 613 (Pa. Cmwlth. 2006).

4

A plaintiff must file a negligence action for personal injury within two years of the date of injury. Section 5524 of the Judicial Code, 42 Pa. C.S. § 5524; *Miller*, 804 A.2d at 752 n.5. A plaintiff may commence a personal injury action by filing either a complaint or a writ of summons. Pa. R.C.P. No. 1007. The plaintiff must serve the complaint or writ on the defendant within 30 days after filing the complaint or writ. Pa. R.C.P. No. 401(a).

Under long-standing Pennsylvania precedent, a plaintiff must make a good-faith attempt to serve original process within 30 days in order to toll the statute of limitations. *See Lamp*, 366 A.2d at 889. In *Lamp*, our Supreme Court held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* The purpose of this rule "is to avoid the situation in which a plaintiff can bring an action, but by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Id.*; *see Farinacci v. Beaver Cty. Indus. Dev. Auth.*, 511 A.2d 757, 759 (Pa. 1986) ("*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action."); *Daniel v. City of Phila.*, 86 A.3d 955, 957 (Pa. Cmwlth. 2014) ("[I]n order to toll the statute of limitations, the plaintiff must make a good-faith effort to serve the complaint in a timely manner.").

First, Mr. Hite argues that he did not intend to stall the legal process by his untimely service, but rather committed a mere "technical misstep." We disagree. In applying the *Lamp* rule, this Court has stated:

> [A] plaintiff need not intentionally resolve to delay notification of a defendant of the institution of a lawsuit in order for the courts to find a lack of good faith. *Simple neglect or mistake is an example of failing to fulfill the responsibility of plaintiff or his counsel to see to it that the requirements for service are carried out.*

5

*Nagy v. Upper Yoder Twp.*, 652 A.2d 428, 430 (Pa. Cmwlth. 1994) (citation and internal quoations omitted) (emphasis added).

Here, the record establishes that Mr. Hite did not serve the Complaint on SEPTA within 30 days of its filing on July 10, 2017. In his Brief in Opposition to the Summary Judgment Motion, Mr. Hite asserted only that there was a "technical misstep" with regard to service. Mr. Hite's Br. in Opp. to Summ. J. Mot., 4/5/18, at 7. Mr. Hite offered no explanation as to what type of "misstep" occurred or how or when he attempted to effectuate service of the Complaint on SEPTA.

Furthermore, the undated Metro Filing documents appended to Mr. Hite's Motion for Reconsideration do not establish his good-faith attempt to effectuate service. Significantly, Mr. Hite neither raised the Metro Filing argument nor produced the Metro Filing documents until *after* the Trial Court issued its summary judgment ruling. A party waives an argument in opposition to summary judgment if he or she raises it for the first time in a motion for reconsideration after entry of the challenged order. *See Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 37 (Pa. 2006) (finding the plaintiffs' argument waived where they failed to present it to the trial court in their brief in opposition to the defendant's summary judgment motion); *Erie Ins. Exch. v. Larrimore*, 987 A.2d 732, 743 (Pa. Super. 2009) (recognizing that an appeal lies only from the order granting summary judgment, not from the denial of reconsideration, and "[s]ince the argument [on appeal] was not raised before the trial court in opposition to summary judgment, it is waived and cannot be raised for the first time on appeal").[4] Therefore, we conclude that Mr. Hite waived his Metro Filing argument.

---

[4] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

In any event, even if Mr. Hite had delivered the Complaint to Metro Filing on the day he filed it, as he now contends, the record contains no evidence establishing that he made any attempt to follow up with Metro Filing to ensure that it had timely effectuated service on SEPTA. Instead, Mr. Hite waited six months, *after the statute of limitations expired*, to inquire with Metro Filing, and only then discovered that it failed to serve the Complaint. We agree with the Trial Court that this oversight was not a mere "technical misstep," but evidence of Mr. Hite's neglect. *Cf. Farinacci*, 511 A.2d at 759-60 (holding that while an eight- or nine-day delay in service due to counsel's misplacement of the file may demonstrate a good-faith effort to effectuate service, a four-week delay attributable to counsel's faulty memory was insufficient to demonstrate good faith).[5]

Next, Mr. Hite claims that the Trial Court erred in granting SEPTA's Summary Judgment Motion because there is no evidence that SEPTA was prejudiced by his failure to timely serve the Complaint. Mr. Hite, however, misconstrues the law. In *McCreesh v. City of Philadelphia*, our Supreme Court clarified the *Lamp* rule and held that a trial court may dismiss a lawsuit for improper service only "where [the] plaintiffs have demonstrated an intent to stall the judiciary machinery *or* where [the] plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced the defendant." 888 A.2d 664, 674 (Pa. 2005) (emphasis added). Because we have concluded that Mr. Hite did not make a good-faith effort to timely serve SEPTA, the first prong is satisfied, and SEPTA was not required to prove prejudice.

---

[5] The fact that Mr. Hite reinstated his Complaint and served SEPTA in January 2018 also does not excuse his failure to serve SEPTA in 2017, because the two-year limitations period had already expired. *See Witherspoon v. City of Phila.*, 768 A.2d 1079, 1084 (Pa. 1999) (plurality) ("Although Pa.R.C.P. [No.] 401(b)(2) states that '[a] writ may be reissued or a complaint reinstated *at any time* and any number of times' . . . , *this cannot be construed to permit the reissuance of a writ or reinstatement of a complaint to 'revive' an action as to which the limitation[s] period has expired.*") (second emphasis added).

Finally, Mr. Hite claims that his lawsuit should not have been dismissed because SEPTA had actual notice "as evidenced by multiple correspondence[s] acknowledging the claim." Mr. Hite's Br. in Opp. to Summ. J. Mot., 4/5/18, at 7; *see* Mr. Hite's Mot. for Reconsid., 4/19/18, ¶ 20 & Ex. F. As the Trial Court correctly determined, however, notice of a potential claim is distinct from notice of a filed lawsuit. Trial Ct. Op., 6/28/18, at 4. In fact, we rejected a similar argument in *Nagy*:

> [I]n an effort to show that [the defendant] was nonetheless notified of the institution of the suit, [the plaintiff] points to the service of the timely notice of intention to commence an action against a governmental unit. However, *we hold that this was not sufficient notice of the institution of a suit such that [the plaintiff's] conduct may be equated with [a] good[-]faith effort[]* . . . .
>
> The notice of intention required by [Section 5522 of the Judicial Code,] 42 Pa.C.S. § 5522, simply notifies a municipality that an individual intends to file suit against the municipality. However, that notice does not institute a suit, and plaintiffs may change their mind once this notice of intention is served. *Since [the defendant] was not served with a writ or a complaint within the limitations period, it had a reasonable expectation that once the limitation period expired, it would no longer be required to shoulder the burden of possible litigation.*

652 A.2d at 431 (emphasis added).

Therefore, we conclude that Mr. Hite's correspondence with SEPTA about his potential claim, prior to the filing of his Complaint, did not serve to notify SEPTA that a lawsuit had been filed.

## Conclusion

Because Mr. Hite did not make a good-faith effort to effectuate service of the Complaint on SEPTA and did not serve SEPTA until after the statute of limitations had expired, we conclude that the Trial Court neither erred nor abused its discretion in

granting SEPTA's Motion for Summary Judgment. Accordingly, we affirm the Trial Court's Order.

_____
ELLEN CEISLER, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Hite, : 
              Appellant : 
             : 
      v. : No. 1101 C.D. 2018
             : 
Southeastern Pennsylvania : 
Transportation Authority and : 
Quinton Siplin : 

## **O R D E R**

AND NOW, this 5th day of April, 2019, the Order of the Court of Common Pleas of Philadelphia County, entered April 16, 2018, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge