IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milan Stefanik Slovak Library and   :
Literary Society a/k/a Milan   :
Stefanik Slovak Society,   :
                     Appellant   :
  :
           v.   : No. 1374 C.D. 2024
  : Submitted: November 6, 2025
Borough of East Vandergrift,   :
KLH Engineers, Inc., and   :
Ligonier Construction Co.   :


BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED: December 9, 2025


The Milan Stefanik Slovak Library and Literary Society a/k/a Milan Stefanik Slovak Society (Society) appeals from the Court of Common Pleas of Westmoreland County's (Common Pleas) July 25, 2024 order, granting summary judgment in favor of the Borough of East Vandergrift (Borough) with respect to the Society's claim for injunctive relief. On appeal, the Society challenges Common Pleas' decision earlier in the case to sustain in part preliminary objections of the Borough, KLH Engineers, Inc. (KLH), and Ligonier Construction Co. (Ligonier) (collectively, Appellees) and dismiss the Society's claim for negligence. After careful review, we affirm.

## BACKGROUND

The Society filed a praecipe for writ of summons on August 28, 2017,[1] and a complaint on February 19, 2019. The Society alleged it operates "a social club with a membership of approximately 650 members and a large social hall," located within the Borough, where it conducts "various activities and events." Reproduced Record (R.R.) at 18.[2] Previously, the Society had used the basement of its building for social events. *Id.* at 20. The Society maintained its basement was now unusable, however, because of flooding and "sewage infiltration" after any heavy rain. *Id.* at 20-21. The Society alleged this flooding destroyed the basement's tile floor and the items stored there. *Id.* at 20. Further, the basement had become "extremely musty and has issues with mold." *Id.* The Society alleged these issues resulted from the installation of "a sewage separation line in the alley way adjacent to and directly behind" the Society's building by the Borough. *Id.* at 19. KLH served as the engineer for the project, and Ligonier performed the installation.[3] *Id.* at 19-20.

The Society's complaint included three counts. Count I requested injunctive relief against the Borough, Count II requested mandamus relief against the Borough,

---

[1] The Society filed a praecipe to reissue writ of summons on October 3, 2017.

[2] Because the reproduced record does not include page numbers, we will use electronic pagination in this decision.

[3] The Society attached letters it sent to the Borough, asking that the Borough address the flooding in its basement. This included a letter dated September 24, 2015, which suggested the Society first learned the sewage separation line may be the cause of the flooding on June 16, 2015:

> On June 16, 2015, our [c]lub basement and certain contents were damaged by severe flooding during heavy rains in the Borough. We have video documentation clearly showing the source of the incoming water was from the mens' urinals, which would indicate fault of the new sanitary sewer system.

R.R. at 32.

and Count III alleged negligence against all three of the Appellees. The Appellees filed preliminary objections. In relevant part, the Appellees' preliminary objections challenged the Society's negligence claim at Count III based on the two-year statute of limitations.[4] The Society filed responses to the preliminary objections. Critically, the Society argued the statute of limitations did not bar its negligence claim because the Appellees' negligence constituted a "continuing trespass," for which a new cause of action accrued each time its basement flooded. *See, e.g.,* Society's Br. in Opp'n to Prelim. Objs. of the Borough, 5/13/19, at 8 (unnumbered pages).[5]

Common Pleas sustained the Appellees' preliminary objections in part on July 12, 2019, and dismissed Counts II and III of the Society's complaint. With respect to Count III, Common Pleas explained the Society had discovered the flooding in its basement "and its probable source" on June 16, 2015, but did not file a praecipe for writ of summons until August 28, 2017, after the statute of limitations expired. R.R. at 116. Common Pleas observed the Society cited to cases that involved continuing trespass but reasoned the cases were inapplicable because Count III was a negligence claim.[6] *Id.*

The matter proceeded on Count I of the Society's complaint. Ultimately, the Borough filed a motion for summary judgment, which Common Pleas granted in its July 25, 2024 order. Common Pleas discussed the expert reports of the Society and the Borough, reasoning the Society's expert report was merely "based on conjecture and speculation." Order, 7/25/24, at 4. Although Count I requested injunctive relief, Common Pleas granted summary judgment in favor of the Borough on the basis that

---

[4] *See* Section 5524 of the Judicial Code, 42 Pa.C.S. § 5524.

[5] We note several documents cited in our decision do not appear in the reproduced record.

[6] The Society had 20 days to amend its complaint but did not do so.

the Society's expert report failed to establish a genuine issue of material fact "with regard to causation and/or breach of duty." *Id.* at 5.

The Society timely appealed. Before this Court, the Society argues Common Pleas erred in dismissing the negligence claim at Count III of its complaint based on the statute of limitations. The Society does not dispute that the statute of limitations for negligence actions is two years, and that it failed to file a writ of summons within two years of when it first discovered flooding in its basement. However, the Society argues the negligence at issue constitutes a continuing trespass, which the statute of limitations does not bar, rather than a permanent trespass. Society's Br. at 23. The Society asserts it may bring "a series of actions . . . based on the theory of continuing trespass" or treat ongoing flooding in its basement and consequences of that flooding "as an aggravation of the original trespass."[7] *Id.*

## DISCUSSION

This Court's review of Common Pleas' July 12, 2019 order, sustaining in part the Appellees' preliminary objections, is *de novo,* and our scope of review is plenary. *Williams v. City of Phila.*, 164 A.3d 576, 584 n.14 (Pa. Cmwlth. 2017) (en banc). In other words, we owe Common Pleas no deference when reaching our decision, and we may review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012). A court ruling on preliminary objections "accept[s] as true all well-pleaded material allegations" and any inferences that may reasonably be drawn from those allegations but "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions

---

[7] The Society also contends Common Pleas failed to analyze whether the alleged trespass at issue is continuing or permanent. Society's Br. at 23-24. We note Common Pleas reasoned in an order and opinion dated October 15, 2024, that the Society's allegations indicated a permanent trespass. Order, 10/15/24, at 3.

4

of opinion." *In re: Wilkinsburg Taxpayers & Residents Int. in Green St. Park Sale to a Priv. Dev. & Other Park-Sys. Conditions*, 200 A.3d 634, 640 n.12 (Pa. Cmwlth. 2018). For the court to sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

The Society bases its appeal on the distinction between permanent trespass, to which the two-year statute of limitations applies, and continuing trespass, which may proceed more than two years after an initial injury to land. *See Lake v. Hankin Grp.*, 79 A.3d 748, 753-55, 758 (Pa. Cmwlth. 2013). This Court has adopted the following explanation of permanent and continuing trespass:

> The actor's failure to remove from land in the possession of another a structure, chattel or other thing which he has tortiously erected or placed on the land constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land and . . . confers on the possessor of the land an option to maintain a succession of actions based on the theory of continuing trespass or to treat the continuance of the thing on the land as an aggravation of the original trespass.
>
> . . . .
>
> A continuing trespass must be distinguished from a trespass which permanently changes the physical condition of the land. Thus, if one, without a privilege to do so, enters land of which another is in possession and destroys or removes a structure standing upon the land, or digs a well or makes some other excavation or removes earth or some other substance from the land, the fact that the harm thus occasioned on the land is a continuing harm does not subject the actor to liability for a continuing trespass. Since his [or her] conduct has once [and] for all produced a permanent injury to the land, the possessor's right is to [a] full redress in a single action for the trespass. . . .

5

*Miller v. Stroud Twp.*, 804 A.2d 749, 753 (Pa. Cmwlth. 2002) (quoting Restatement (Second) of Torts §§ 161 cmt. b, 162 cmt. e (A.L.I. 1965)) (alterations in original, emphasis omitted).

Our decision in *Miller* is instructive. In that matter, the Millers alleged Stroud Township and Stroud Township Sewer Authority (Township) built a sanitary sewer on or near their property that caused flooding in their basement. *Miller*, 804 A.2d at 750. The flooding included dispersal of "sewage and fecal matter" into the basement "on each occasion that it rains," resulting in an "unhealthy . . . concentration of fungi, mold and bacteria in their residence." *Id.* In relevant part, this Court concluded the Millers alleged a continuing trespass that the statute of limitations did not bar. *Id.* at 752-54. We explained:

> Essentially, then, in order to establish a permanent trespass claim, [the Millers] would have had to allege and show that the Township: (1) entered [the Millers'] property without a privilege to do so and (2) performed an affirmative act producing a permanent change to the property. However, [the Millers] do not claim that the Township ever entered [the Millers'] land without a privilege to do so to construct the sanitary sewer line. Indeed, there is no evidence that the Township lacked authority to enter [the Millers'] property. Rather, the record shows that the Township entered [the Millers'] property with apparent permission to install the sanitary sewer line. Thus, [the Millers] do not set forth a permanent trespass claim.

> [The Millers'] complaint, however, does set forth a continuing trespass claim. The complaint alleges that the Township constructed a sanitary sewer line on, near or about [the Millers'] property. The construction, coupled with the effects of rainfall, resulted in a continuing trespass of water and fecal matter, which caused damage to [the Millers'] property and an unhealthy concentration of fungi, mold and bacteria. Under section 161 of the Restatement [(Second) of Torts], because the Township failed to remove the water and fecal matter resulting from the sewer installation, [the Millers] may maintain a succession of actions against the Township based on the theory of continuing trespass, or [the Millers] may treat the continuance of water,

6

> fecal matter, fungi, mold and bacteria on the land as an aggravation of the original trespass.

*Id.* at 754 (citation to the record and footnotes omitted).

In this matter, the Society did not allege the Borough entered its land without a privilege to do so and "once [and] for all produced a permanent injury to the land." *Miller*, 804 A.2d at 753 (quoting Restatement (Second) of Torts § 162 cmt. e (A.L.I. 1965)). Rather, the Society contended the Borough built the sewage separation line near its building, which resulted in ongoing flooding and "sewage infiltration" after periods of heavy rain, along with mustiness and "issues with mold." R.R. at 19-21. We can discern no meaningful difference between the intermittent flooding and mold issues alleged here and the intermittent flooding and related issues alleged in *Miller*. *See also Lake*, 79 A.3d at 751, 755 (concluding the Lakes alleged a continuous trespass where construction uphill from their property caused flooding "when there has been significant rain," and the Lakes raised "ongoing potential safety concerns as well as damage caused by continuing, periodic intrusion of the large amounts of water onto their property, along with the additional sediment deposits").[8]

---

[8] In *Lake*, this Court conducted a somewhat different analysis, taken from *Graybill v. Providence Township*, 593 A.2d 1314 (Pa. Cmwlth. 1991) (en banc):

> Courts have uniformly based their holdings, concerning when the statute began to run, on the distinction between permanent change (sometimes called 'original injury' or damage resulting from structures 'necessarily injurious') versus continuing trespass (also referred to as 'temporary', 'transient' or 'recurring' injury). However, the cases reveal that determination of that question usually involves the close analysis of many factors.

> Among the factors that courts have considered for this purpose are the closely related questions of the ascertainability or predictability of the injury involved (i.e., whether it is possible for the plaintiff to calculate all of his future damages in one

**(Footnote continued on next page…)**

However, Count III of the Society's complaint did not allege a trespass claim. The Society alleged negligence by the Appellees regarding the "construction, design, maintenance, inspection, and failure to repair areas of the sanitary sewer." *See* R.R. at 27. The Society contended KLH negligently designed and engineered the sewage separation line while Ligonier negligently built the sewage separation line. *Id.* The Society alleged the Borough violated its duty to maintain the sanitary sewer lines "in a manner that does not create a hazard or dangerous conditions." *Id.* at 26. Notably, the Pennsylvania Superior Court has found no merit to the assertion that a negligence claim should proceed after the two-year statute of limitations has expired on the basis that it is "continuing in nature."[9] *Kowalski v. TOA PA V, L.P.*, 206 A.3d 1148, 1159 n.5 (Pa. Super. 2019).

---

action), and the question of the regularity of the incidents of overflow (i.e., whether the incidents happen frequently and predictably or only intermittently).

. . . .

By considering the ascertainability of the plaintiff's damages, or the intermittent nature of the injury, we keep the focus of our analysis on the factor that the Restatement [of Torts § 162 (A.L.I. 1939)] commentary . . . regards as crucial, namely, the permanence of the change to the physical condition of the plaintiff's land, rather than on the permanence of the defendant's structure that allegedly causes the injury.

*Lake,* 79 A.3d at 753-54 (quoting *Graybill*, 593 A.2d at 1316-17) (emphasis and footnote omitted, alterations in original). The analysis in *Lake* also supports the Society's argument that it suffered a continuing trespass. Despite the fact that the Society identified specific damages resulting from the flooding in its basement, i.e., destruction of the tile floor and items stored there, it is impossible to predict how many episodes of flooding will occur in the future or to calculate all future damages that the flooding may cause.

[9] We may cite Superior Court decisions for their persuasive value. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

Accepting for the sake of argument that it was unnecessary for the Society to specifically allege a trespass claim in its complaint, Common Pleas granted summary judgment against the Society on Count I of its complaint, in which the Society sought injunctive relief against the Borough. Although Count I of the Society's complaint sought injunctive relief, Common Pleas conducted what was essentially a negligence analysis,[10] concluding the Society failed to establish a genuine issue of material fact regarding causation and breach of duty:

> After the completion of the sewer project, [the Society] alleges that it began to experience water infiltration into its basement, although it is undisputed that they had experienced smaller-scale water infiltration prior-to. Litigation and discovery commenced, and on July 15, 2020[,] [the Borough's] expert Theodore J. Gacomis, P.E. produced an expert report concluding within a reasonable degree of professional certainty that [the Borough] and the sewer project are not the source of the water infiltration.

> On November 30, 2022, [the Society] produced a report from their expert, Robert F. Mitall, P.E., that did not rely on actual measurements of the building, sewer or street, in contrast to the report provided by Mr. Gacomis. The report states that "it appears that the elevation of the basement and the sanitary sewer installed in the alley are close in elevation. . . and the [r]ainfall may lead to additional volume of water that the public sanitary sewer system must handle. This can lead to surcharges or overflows in the public sewer system."

> In response, [the Borough] obtained a rebuttal report from Daniel H. Daley, P.E. Mr. Daley measured the property and the alley with surveyor's equipment, and he found that the sewer line is 2.3 feet lower than the basement floor elevation at the urinal location, consistent with the actual recommendation provided in the Mitall report. Mr. Daley concurs with the conclusion reached by Mr. Gacomis, that the water infiltration is not caused by [the Borough] and the sewer project.

---

[10] "It is well settled that a person claiming negligence must establish the elements of: (1) duty, (2) breach, (3) causation, and (4) damages." *Carletti v. Dep't of Transp.*, 190 A.3d 766, 776 n.5 (Pa. Cmwlth. 2018).

9

. . . .

An examination of the Mitall report in this matter shows that it is based on conjecture and speculation. The report states, using only estimated math, that "it is my professional opinion that the reason for the sewer backups is that there is not enough vertical distance between the building's sanitary sewer and the public sewer on Panther Way." This is entirely belied by the fact that the Daley report, using actual measurements, found that the actual distance is exactly within Mitall's recommended distance, and thus the conclusion of the Mitall report is incorrect and not supported by any evidence.

When compared to the Gacomis and Daley reports, the Mitall report does not create an issue of genuine material fact necessary to prevent summary judgment. The Gacomis report indicates with a level of professional certainty that [the Borough] and the sewer project are not the cause of the water infiltration, and the Daley report agreed with that conclusion. The Mitall report did not provide an alternative conclusion with any degree of professional certainty, with its only conclusion entirely disproven, above. It is clear that there is no issue of material fact with regard to causation and/or breach of duty on the part of [the Borough], and so summary judgment is appropriate.

Order, 7/25/24, at 3-5 (citations to the record omitted).

The Society does not challenge Common Pleas' decision that its expert report fails to establish a genuine issue of material fact. Thus, even if Common Pleas erred in dismissing the negligence claim at Count III of the complaint, we would conclude the error was harmless because the Society suffered no prejudice. *See Grove v. Port Auth. of Allegheny Cnty.*, 218 A.3d 877, 890 (Pa. 2019) (quoting *Commonwealth v. Hairston*, 84 A.3d 657, 671 (Pa. 2014)) (explaining harmless error exists where the record demonstrates "the error did not prejudice the defendant or the prejudice was de minimis"). There is no need to reverse and remand for further proceedings on the Society's negligence claim where Common Pleas has already determined the Society cannot establish the elements of negligence and its determination is unchallenged on appeal.

## CONCLUSION

For the foregoing reasons, we conclude the Society alleged circumstances that could support a continuing trespass claim. However, the Society failed to include a trespass claim in its complaint. Accepting for the sake of argument that the Society did not need to specifically include a trespass claim in its complaint, Common Pleas reviewed the Society's expert report and concluded on summary judgment regarding Count I of the complaint that the Society did not establish a genuine issue of material fact. Therefore, the Society suffered no prejudice from Common Pleas' alleged error in dismissing Count III of its complaint on preliminary objections, and we affirm the order on appeal.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milan Stefanik Slovak Library and : 
Literary Society a/k/a Milan : 
Stefanik Slovak Society, : 
               Appellant : 
                    : 
        v. : No. 1374 C.D. 2024
                    : 
Borough of East Vandergrift, : 
KLH Engineers, Inc., and : 
Ligonier Construction Co. : 

# O R D E R

    **AND NOW**, this 9th day of December 2025, the order of the Court of Common Pleas of Westmoreland County, dated July 25, 2024, is **AFFIRMED**.


                                 _____

                                 STACY WALLACE, Judge